IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS KENYON MCMEANS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-332-MHT-CWB |
| | ) | (WO) |
| REOSHA BUTLER, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.     Introduction**

This case was brought before the court on a filing by Thomas Kenyon McMeans that was styled as a "Motion for Writ of Error Coram Nobis/Rule 60(b)(4)" (Doc. 1).  After the court construed the filing as a petition for writ of habeas corpus under 28 U.S.C. § 2254 (*see* Doc. 2), McMeans filed a motion objecting to the re-characterization (Doc. 14), along with a motion to amend the original filing (Doc. 15).  By Order entered on July 24, 2023 (Doc. 17), the court granted Respondents' request for an opportunity to file a dispositive motion and further directed that Respondents speak to the appropriate characterization of McMeans's filing.  Respondents timely sought dismissal of McMeans's filing on the characterization that it presented an unauthorized successive habeas petition. (Doc. 18).  McMeans has now submitted a response to that request.  (Doc. 20).

For the reasons that follow, the Magistrate Judge recommends that Respondents' pending motion (Doc. 18) be granted such that McMeans's filing is dismissed as a successive habeas petition brought without the required appellate court authorization.  The Magistrate Judge further recommends that McMeans's motion objecting to re-characterization of the "Motion for Writ of

1

Error Coram Nobis/Rule 60(b)(4)" (Doc. 14) be denied and that McMeans's "Motion to Amend Writ of Error Coram Nobis/Rule 60(b)" (Doc. 15) likewise be denied.[1]

**II.    Discussion**

As construed, this is McMeans's second petition under 28 U.S.C. § 2254 to challenge his state convictions for first-degree forcible rape and second-degree statutory rape. McMeans filed his first § 2254 petition on December 11, 2019. *See McMeans v. State,* 2:19-cv-1039-WHA (M.D. Ala.). On July 11, 2022, the court denied that petition as time-barred under the one-year limitation period in 28 U.S.C. § 2244(d)(1) and dismissed the case with prejudice. *See id.* at Docs. 24, 26 & 27. The Eleventh Circuit thereafter denied McMeans's motion for a certificate of appealability. *See McMeans v. Att'y Gen. of Alabama*, No. 22-12784-J, 2023 WL 2024469 at *1 (11th Cir. Jan 5, 2023).

---

[1] It is clear that McMeans is attempting to attack his state judgment of conviction and sentence. Because he is not challenging the integrity of his prior federal habeas proceeding, he cannot utilize Rule 60 of the Federal Rules of Civil Procedure:

> … Rule 60 provides no vehicle for relief from a judgment in a criminal case. *See United States v. Fair*, 326 F.3d 1317 (11th Cir. 2003); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).
>
> When a *pro se* inmate, like Lee, brings a motion under Rule 60, the district court may appropriately construe it as a 28 U.S.C. § 2254 habeas petition, and, if applicable, treat it as an unauthorized second or successive petition. *See Williams*, 510 F.3d at 1293-95. If construed as a second or successive petition, the district court lacks subject matter jurisdiction on the merits of any claims in the petition. *Id*. at 1295.
> ***
> … Because Lee only asserts claims attacking his conviction and sentence, this court must construe his self-styled Rule 60 motion as a successive § 2254 petition.

*Lee v. Givens*, No. 2:19cv472-WKW, 2019 WL 3361263, *1-2 (M.D. Ala. July 8, 2019), report and recommendation adopted, 2019 WL 3368827 (M.D. Ala. July 25, 2019), and report and recommendation adopted, 2019 WL 3437966 (M.D. Ala. July 30, 2019). Moreover, *coram nobis* relief is not available to McMeans. *Llovera v. Florida,* 576 F. App'x. 894, 896 (11th Cir. 2014) ("Llovera seeks to challenge state, not federal, convictions in the instant petition. Accordingly, he is ineligible for *coram nobis* relief.") (citations omitted); *see also* Fed. R. Civ. P. 60(e).

2

The denial of McMeans's original § 2254 petition on statute-of-limitations grounds constituted an adjudication on the merits so as to render the current petition a "second or successive" petition for purposes of 28 U.S.C. § 2244(b)(2).  *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (holding that a prior untimely petition counts for § 2244(b) purposes because "a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims") (followed in *Cogman v. Crow*, No. 2:18cv855-MHT, 2018 WL 5624299 at *2 (M.D. Ala. 2018)). Pursuant to § 2244(b)(3)(A), a prisoner must obtain authorization from the appropriate court of appeals "[b]efore a second or successive [motion] is filed in the district court."

Here, however, McMeans has furnished no certification from the Eleventh Circuit authorizing him to proceed on his pending petition.  Accordingly, the petition should be dismissed for lack of jurisdiction.  *See Gilreath v. State Bd. of Pardons and Paroles*, 273 F.3d 932, 933-34 (11th Cir. 2001) ("Because this undertaking would be his second habeas corpus petition and because he had no permission from us to file a second habeas petition, we conclude that the district court lacked jurisdiction to grant the requested relief. The motion (and the complaint to the degree it sought similar relief) ought to have been dismissed."); *see also Greer-El v. Alabama*, No. 3:15cv435-MHT, 2015 WL 4477466, *3 (M.D. Ala. July 22, 2015).

### III. Conclusion

Accordingly, the undersigned Magistrate Judge hereby **RECOMMENDS** the following:

- that McMeans's Motion to Object/Objection to the Recharacterization of Writ of Error Coram Nobis/Rule 60(b) Motion (Doc. 14) be **DENIED**;

3

- that McMeans's Motion to Amend Writ of Error Coram Nobis/Rule 60(b) (Doc. 15) be **DENIED** as futile; and

- that Respondents' Motion to Dismiss Petitioner McMeans's Unauthorized Successive Habeas Petition (Doc. 18) be **GRANTED** such that McMeans's construed 28 U.S.C. § 2254 petition (Doc. 1) is **DISMISSED** for lack of jurisdiction.

It is **ORDERED** that any objections to this Recommendation must be filed by **January 10, 2023**. An objecting party must identify the specific portion of any factual findings or legal conclusions to which objection is made and must describe in detail the basis for the objection(s). Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1. No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 27th day of December 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**