IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| THOMAS KENYON McMEANS,         )<br>                                )<br>     Petitioner,               )<br>                                )<br>     v.                         )<br>                                )<br>REOSHA BUTLER,                  )<br>Correctional Warden, III,      )<br>et al.,                        )<br>                                )<br>     Respondents.              )  | CIVIL ACTION NO.<br>   2:23cv332-MHT<br>        (WO) |

## ORDER

This cause is now before the court on the petitioner's notice of appeal (Doc. 40), which the court is treating as a motion to proceed on appeal in forma pauperis.

28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." In making this determination as to good faith, a court must use an objective standard, such as whether the appeal is "frivolous," *Coppedge v. United States*, 369 U.S. 438, 445 (1962), or "has no substantive

merit." *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 15, 1981) (per curiam); *see also Rudolph v. Allen*, 666 F.2d 519, 520 (11th Cir. 1982) (per curiam); *Morris v. Ross*, 663 F.2d 1032 (11th Cir. 1981).

Applying this standard, this court is of the opinion that the petitioner's appeal is without a legal or factual basis and, accordingly, is frivolous and not taken in good faith. *See, e.g., Rudolph v. Allen, supra*; *Brown v. Pena*, 441 F. Supp. 1382 (S.D. Fla. 1977), *aff'd without opinion*, 589 F.2d 1113 (5th Cir. 1979). In this case, petitioner filed a successive habeas petition without first obtaining the required authorization to do so from the Court of Appeals. The court dismissed the case due to the lack of authorization in January 2024. Petitioner moved for leave to reopen the time for appeal the dismissal too late, so the court denied the request. In any case, the appeal was without basis. He also filed a motion

2

for certificate of appealability, which the court denied as unnecessary for the dismissal of an unauthorized successive petition.  *See* December 17, 2024 Order (Doc. 39).  He now appeals the court's order denying him a certificate of appealability and refusing to reopen the time for appeal.  As petitioner has provided no potentially viable grounds for his appeal, the court finds the appeal is frivolous.

***

Accordingly, it is ORDERED that the petitioner's motion to proceed on appeal in forma pauperis is denied; and that the appeal in this cause is certified, pursuant to 28 U.S.C. § 1915(a)(3), as not taken in good faith.

DONE, this the 10th day of February, 2025.

                                /s/ Myron H. Thompson
                             UNITED STATES DISTRICT JUDGE